JjWILLIAMS, Judge.
In this personal injury action, Myra Blake (“Blake”) appeals from a trial court judgment in favor of defendants, Sportran Bus Company, Inc. (“Sportran”), the City of Shreveport, Scotty Hayes (“Hayes”) and Carolina Casualty Insurance Company, Inc. For the following reasons, we affirm.
FACTS
On the afternoon of February 10, 1995, Blake was a passenger on a Sportran bus that was involved in an accident. The Sportran bus driver, Scotty Hayes, was driving the bus southwest on Texas Avenue in Shreveport near its intersection with Murphy Street. On either side of the lanes of travel on Texas Avenue there was an additional lane next to the curb. This *1268 lane was designated and metered for on-street vehicle parking, not for vehicular travel.
According to Hayes, he was traveling in the right-hand traffic lane of Texas Avenue. He stopped the bus to wait for the red light before making a right turn onto Murphy Street. Hayes reported that there were no vehicles parked in the parking lane and that he waited approximately 30 seconds for the light to turn green before beginning his turn.
As the bus turned, it collided with a 1963 Ford pickup truck operated by Don Freeman (“Freeman”). The impact occurred on the right side of the bus just behind the right front wheel and the accident photos show a crease in the side of the bus that extends rearward for a few feet.
There were several passengers on the bus, including Blake, Pamela Carter and Sidney Robinson. These passengers’ accounts of the accident differ from that of Hayes. Passengers Blake and Robinson testified they believed that Freeman’s truck was parked in a parking space against the |¡>curb, and the bus struck the truck when the bus turned the corner. None of the parties subpoenaed Freeman to testify and Freeman did not appear at the trial; the investigating Shreveport police officer took away Freeman’s license plate as Freeman had no automobile liability insurance.
Carter testified she was not sure whether Freeman was getting ready to pull out, but she was sure that he was parked at a parking meter. Carter had previously signed a statement, on September 9, 1995, concerning the accident, wherein she stated, in part:
The bus did not wait for the car which was on the right side of the bus to make its turn also but ran into the car knocking'it up on the curb on Texas Ave. next to City Hall. The car did not run in front of the bus but was waiting for the light to change so it could turn just like the bus did and it had just started to start up and also turn right when it was hit by the Sportran Bus who acted like the car was not even there. It appeared to me that the Sportran Bus driver did not see the car or notice it was there waiting also to make a turn. The car was waiting for the light on the right side of the bus and was in the position near the right curb of the street on Texas Ave. also headed west on _ Texas Ave. just before the accident....
At trial, the parties introduced the deposition testimony of Shreveport Police Officer Leroy Azlin, the officer who investigated the accident, with the stipulation that Officer Azlin would testify in accordance with his deposition if called as a witness. Officer Azlin testified as follows:
It appeared that Vehicle No. 2, which was the Sportran Bus, was attempting to make a right-hand turn onto Murphy Street, which would have put him turning to the west on Murphy off of Texas. And Vehicle No. 1, which was the private vehicle, attempted to pass the bus on the right side and also make the turn.
The officer stated that in Freeman’s attempt to pass the bus, “he actually got over in the metered parking area there and tried to pass on the right.”
LMyra Blake filed suit on November 29, 1995, and her case was consolidated with the lawsuit of Sidney Robinson. Concurrent trial on both matters was held on June 20, 2000. On July 13, 2000, the trial court issued reasons for judgment, finding that Freeman was entirely at fault in causing the accident by trying to pass the bus on the right. The court further found that the crash did not cause any injury to either plaintiff. Thereafter, the trial court signed a judgment dismissing the plaintiffs’ claims. Appellant Blake appeals from the judgment.
*1269 STANDARD OF REVIEW
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Touchard v. Slemco Elec. Foundation, 99-3577 (La.10/17/2000), 769 So.2d 1200. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review; the issue for the reviewing court is not whether the trier of fact was wrong, but whether the factfinder’s conclusions were reasonable under the evidence. Id. When a fact-finder’s determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be wrong. Id.; Rosell v. ESCO, 549 So.2d 840 (La.1989). Since the trial court’s determination as to how the accident occurred is a finding of fact, the sole issue on review is whether the trial court’s findings of fact were reasonable.
DISCUSSION
The appellant, Blake, contends that the trial court’s factual findings have been reached by overlooking and/or ignoring “objective evidence [ ¿which does not add up with the testimony of Scotty Hayes.” Blake refers to the testimony of the witnesses and the photographic evidence and argues that this evidence shows that Hayes simply failed to see what he should have seen, namely the presence of Freeman’s truck in the parking area.
LSA-R.S. 32:101 provides, in part:
A. The driver of a vehicle intending to turn at an intersection shall proceed as follows:
(1)Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.
[[Image here]]
LSA-R.S. 32:74 provides:
A. The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
(1) When the vehicle overtaken is making or about to make a left turn;
(2) Upon a one-way street, or upon a highway on which traffic is restricted to one direction of movement, where the highway is free from obstructions and of sufficient width for two or more lines of moving vehicles.
(3) Upon multiple-lane highways.
B. The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main traveled portion of the highway.
LSA-R.S. 32:79 provides in part:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has | ¿first ascertained that such movement can be made with safety.
[[Image here]]
LSA-R.S. 32:103 provides:
No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.
From our review of the record, we find that the testimony of the witnesses for the appellant were not as persuasive as Blake suggests. In fact, Blake and Robinson changed their version of the facts at the trial. In Blake’s petition, she alleged that both cars were attempting to make a right *1270 turn when the accident occurred. In Robinson’s deposition, she stated that she did not see the truck prior to the accident. However, both witnesses testified at the trial that the truck was parked at the time of the collision.
Hayes, on the other hand, testified that he stopped the bus at the signal light, looked both ways and proceeded to make his right turn. Hayes added that he was then hit by Don Freeman’s truck as a result of Freeman’s attempt to pass him on the right hand side. Hayes further testified that he never saw the truck in the parking space.
In its ruling, the trial court credited Officer Azlin’s testimony as the accurate version of the facts. Consistent with the testimony of Hayes and Azlin’s deposition, the judge found that “Don Freeman tried to pass and overtake the city bus on its right side after the driver of the bus, Scotty Hayes, indicated that he was about to make a turn and, in fact, was in the process of initiating the right turn.” After a thorough review of the record including the photograph exhibits, we conclude that the trial court’s | conclusions were reasonable. The testimony of the bus passengers directly conflicted with that of the bus driver concerning the position of Freeman’s truck prior to the collision. Appellant asserts that the photographic evidence is inconsistent with the bus driver’s testimony, but in the absence of expert testimony contradicting the driver’s version of events, the photographic evidence is equivocal concerning the pickup’s position. The photographs show that the left side of the pickup’s front bumper is pulled forward and away from the truck. This damage is consistent either with the - plaintiffs version of events or with the defendant’s version because under either scenario the bus did not stop immediately after the impact. There is no photographic evidence that depicts the position of the truck at the time of the accident; the accident photographs show the truck after, as Hayes stated, “they backed the truck up,” and the truck is still very near the intersection of Texas Avenue and Murphy Streets.
Because the physical evidence is not inconsistent with the testimony of Scotty Hayes, the trial court was not manifestly erroneous in accepting his testimony and rejecting that of the other witnesses. The assignment of error lacks merit.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellant, Myra Blake.
AFFIRMED.
NORRIS, C.J., concurs with written reasons.